**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------- x
IBRAHIM SAMURA and JOSE : Civil Action No.
GARCIA; :
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiffs, :
 - against – : **COMPLAINT**
　　　　　　　　　　　　　　　　　　:
DOMESTIC PLUMBING WORKS, :
INC.; DOMESTIC PLUMBING CORP : **Jury Trial Demanded**
OF NEW YORK; DOMESTIC :
PLUMBING CORP; EMIDIO BUONO; :
and ANTHONY MAURIELLO :
　　　　　　　　　　　　　　　　　　:
　　　　Defendants. :
------------------------------------------------- x

　　　　Plaintiffs Ibrahim Samura and Jose Garcia ("Plaintiffs"), by their attorney Mohammed Gangat, Esq., for their complaint complaining of the defendants Domestic Plumbing Works, Inc.; Domestic Plumbing Corp of New York; Domestic Plumbing Corp.; Emidio Buono; and Anthony Mauriello (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

　　　　1.　　　　Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on that amount, (3) pre-judgment and post-judgment interest; and (4) attorneys' fees and costs.

　　　　2.　　　　Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they are entitled to recover: (1) unpaid wages and overtime compensation; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b) because the conduct making up the basis of the complaint took place in this judicial district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## PARTIES

6. Plaintiffs are each adults, over eighteen years old, and residents of the State of New York

7. Upon information and belief and at all times relevant herein, Domestic Plumbing Works, Inc. (the "Corporate Defendant") is a domestic corporation incorporated and doing business in the State of New York. It was founded on or about December 15, 2010 and remains an active corporation today.

8. Upon information and belief and at all times relevant herein, Domestic Plumbing Corp of New York (the "Corporate Defendant") was a domestic corporation incorporated and doing business in the State of New York. It was founded on or about October 24, 2019 and remains an active corporation today.

9. Upon information and belief and at all times relevant herein, Domestic Plumbing Corp. (the "Corporate Defendant") was a domestic corporation incorporated and doing business in

the State of New York. It was founded on or about May 17, 2006 and remains an active corporation today.

10. All three Corporate Defendants maintain a place of business and operate out of 56 Sands Street, Staten Island, New York 10304.

11. Although three different corporations all are part of a single-integrated enterprise, owned and operated by the Individual Defendants Emidio Buono and Anthony Mauriello.

12. The enterprise works on plumbing contracts for residential and commercial customers in New York State.

13. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

**STATEMENT OF FACTS**

15. Plaintiff Samura began working for the Defendants around the middle of July 2019.

16. Plaintiff Garcia began working for the Defendants around August 2019.

17. Plaintiffs each worked over 40 hours in a workweek but were paid straight-time rates for those hours.

18. Defendants routinely failed to pay Plaintiffs on time. For example, Plaintiffs would have to wait three weeks after the end of a workweek, before getting paid for that workweek.

19. Plaintiffs were also not paid for all hours worked as a result of checks bouncing. For example, on September 3, 2019, a check written by Defendants to Plaintiff Samura in the

amount of $2516,36 was returned due to insufficient funds.

20. Plaintiffs at all relevant times were a covered employee within the meaning of the FLSA and NYLL.

21. At all times relevant to this action, Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of Plaintiffs' employment, and determine the rate and method of Plaintiffs' compensation.

22. Plaintiffs were an "employee" of Defendants as defined by NYLL § 190(2) and 12 NYCRR § 142-2.14.

23. Defendants are each an "employer" and "employed" Plaintiffs as defined by NYLL §§2 (6), 190(3) and 651(6).

24. Plaintiffs' primary duties were to work with a team of about 10-15 laborers on commercial and residential plumbing projects in the State of New York.

25. A comparison of the wages Defendants paid to the Plaintiffs against the wages that were due under New York wage-and-hour laws, specifically, (i) the New York State mandated minimum wage; (ii) the New York State mandated overtime wage; and (iii) the New York State required spread of hours laws, reveals that this Plaintiff has been grossly underpaid.

26. Defendants did not provide Plaintiffs with a wage notice at the time of hiring containing information outlined in NYLL § 195(1), including information such as the rate of pay and any allowances or credits claimed as part of the minimum wage.

27. Defendants did not provide Plaintiffs with weekly wage stubs or statements containing information required by NYLL § 195(3), including information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

28. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the New York Labor Law §§ 195, 661.

29. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time and pay records.

30. The relevant statutory period for purposes of this suit is the six years preceding the date of the filing of the complaint.

31. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the FLSA and New York Labor Law.

32. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

33. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

34. Defendants knowingly and willfully failed to pay Plaintiffs his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

## STATEMENT OF CLAIM

### COUNT I

### [Violation of the Fair Labor Standards Act]

35. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

39. Plaintiffs are entitled to be paid at the rate of time and one-half their regular hourly rate for all hours worked in excess of 40.

40. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked.

41. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage and overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

43. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

44. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

46. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

47. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### [Violation of the New York Labor Law]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

49. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

50. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs all wages due for every hour worked in the time period they were due.

51. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

52. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the

New York Labor Law.

53. Defendants failed to pay Plaintiffs their promised wages as required by the NYLL and applicable wage orders.

54. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

55. Defendants failed to furnish Plaintiffs with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

56. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

57. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

58. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law and related wage orders. The deficiency accounts for overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

    59.    Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

i. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iii. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

iv. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendants failed to provided Plaintiff and any class member proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendants failed to provided Plaintiff and any class member proper wage statements as provided by NYLL Article 6, Section 198

v. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations;

vi. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL.

vii. An award of prejudgment and post-judgment interest;

viii. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

ix. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
August 7, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By: *[signature]*

_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com